United States District Court
Southern District of Texas
**ENTERED**
May 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JULIE WINTERS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 4:20-CV-03404 |
| TEXAS SFI PARTNERSHIP 68 LTD., § | |
| TANGLEVOSS INC., and § | |
| TANGLEVOSS INC., § | |
| § | |
| *Defendants*. § | |

## **ORDER**

Before the Court are a Motion to Dismiss filed by Defendants Texas SFI Partnership 68 Ltd. ("SFI") and Tanglevoss Inc. ("Tanglevoss") (Doc. No. 40) and a Motion to Dismiss filed by Defendant Richdale Management, Inc. ("Richland") (collectively, "Defendants"). (Doc. No. 41). Plaintiff Julie Winters ("Plaintiff" or "Winters") filed a response in opposition to each motion (Doc. Nos. 44–45), and the Defendants replied thereto (Doc. Nos. 49–50). After careful consideration, the Court concludes that it lacks subject matter jurisdiction over this action and therefore dismisses the case *sua sponte*.

### I. Background

This action relates to a landlord–tenant dispute, and the allegations of the first amended complaint (Doc. No. 37) may be summarized as follows. Winters, a Texas resident, was a tenant at Tanglewood at Voss Apartments, a residential living apartment complex. Her apartment unit allegedly contained severe levels of toxic mold, which the apartment management team failed to properly address. The issue went untreated, and the mold became so extreme that it damaged

Plaintiff's personal property and killed one of her beloved pet dogs. Winters herself received a diagnosis of systemic mold exposure and experienced tumors, among other medical issues.

Plaintiff filed suit against Defendants, alleging diversity jurisdiction and asserting claims for breach of contract (Doc. No. 37, at 7), violations of the Texas Deceptive Trade Practices Act (*id.* at 8–11), breach of warranty (*id.* at 11, 20–22), negligence per se (*id.* at 12–14), negligence/premises liability (*id.* at 14–17), alternative premises liability (*id.* at 17–18), vicarious liability (*id.* at 19–20), and exemplary damages (*id.* at 22–24).

The Defendants in this action are all corporate entities. SFI (the entity that managed Plaintiff's leasehold) is a Texas limited partnership with its principal place of business in Nebraska. (*Id.* at 1–2). Tanglevoss (the general partner of SFI) is a Texas corporation with its principal place of business in Nebraska. (*Id.*). Richdale (which "controlled and directed SFI") is a Texas corporation with its principal place of business in Nebraska. (*Id.* at 2–3).

## II.     Subject Matter Jurisdiction

Federal courts have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties, and to dismiss any action if it is lacking. FED. R. CIV. P. 12(h)(3); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Subject matter jurisdiction comes in two forms. First, a federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, a federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and diversity of citizenship exists between the parties. *Id.* § 1332.

None of Plaintiff's claims arise under federal law. Instead, her complaint alleges this Court has diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, such that no plaintiff can be from the same state as any defendant.

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added).

As stated above, Tanglevoss and Richdale are Texas corporations. Since they are incorporated in Texas, they are deemed to be Texas citizens. Moreover, SFI, a limited partnership, is a Texas citizen because at least one of its partners—Tanglevoss—is a citizen of this state. *See Carden v. Arkoma Associates*, 494 U.S. 185, 192–195 (1990). Winters is a resident of Texas, and there is no allegation that her state of citizenship differs from her state of residency. As such, she is deemed a Texas citizen. Therefore, the citizenship between the plaintiff and the defendants in this case is not diverse.

Accordingly, although the parties have not raised this issue, the Court must dismiss this case for lack of subject matter jurisdiction. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("[S]ubject-matter jurisdiction cannot be created by waiver or consent.").

### III.   Conclusion

It is therefore **ORDERED** that, on the Court's own motion, all of Plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction. All pending motions are **DENIED** as moot.

Signed at Houston, Texas, this 12 day of May, 2022.

Andrew S. Hanen
United States District Judge

3